Dear Dr. Bolotte:
You have requested that this office confirm, in the form of an Attorney General's opinion, that a hospital service district "may employ or retain special counsel as needed, the compensation to be fixed and paid by the Board in accordance with LSA — R.S. 42:261(I)". You have also asked that we confirm "that such hiring need not be exclusive and that the District Attorney may continue to represent the hospital in other matters as needed". You enclosed with your request a copy of a resolution of the Hospital Service District, which employed an attorney "to act as special counsel for Assumption General Hospital with regards to professional contracts".
R.S. 42:261(I) states as follows:
 "Notwithstanding any other provision of this Section or any other law to the contrary, and as a further exception to the general prohibition contained in this Section, any hospital service district created by or pursuant to state law may employ or retain its own attorney, the compensation of said attorney to be fixed and paid by the board of said district, in which event the district attorney of the judicial district in which the hospital service district is domiciled shall be relieved of the duty of representing said hospital service district."
It is the opinion of this office that R.S. 42:261(I) addresses only the issue of whether a hospital service district can retain or employ an attorney to act as its "regular" counsel as opposed to the employment or retention of "special" attorneys for representation in special matters. According to the general rule of R.S. 42:261(I) and the rule of R.S. 16:2, the "regular" counsel for hospital service districts is the district attorney of the judicial district in which the hospital service district's board of commissioners is domiciled.
R.S. 42:261(I) authorizes hospital service districts to employ or retain an attorney to act as its "regular" attorney, and thereby decline representation by the District Attorney. In that instance, the district attorney would be relieved of the duty of acting as the hospital service district's "regular" attorney.
We note that R.S. 42:261(I) refers to "its own attorney" and "said attorney". In our opinion, R.S. 42:261(I) does not purport to address the issue of the retention of "special" attorneys. In our opinion, the words "its own attorney" refers only to a hospital service district's "regular" attorney, as opposed to attorneys, both "regular" and "special", that the district may employ or retain.
We note that if the provision were construed to refer to both "regular" and "special" counsel, then the employment of special counsel would, according to the provision, relieve the district attorney "of the duty of representing said hospital service district". Furthermore, if the legislature had intended this particular provision to address the issue of special counsel to hospital service districts, it could have provided that the district attorney would only be relieved of his duties to the district in connection with the particular legal matters handled by an attorney retained or employed by the district.
The retention of "special" counsel is addressed in R.S.42:263(A), which provides:
 "No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney and if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish."
R.S. 42:263(B) and (C) provide that certain, particularly listed entities can retain special counsel without the approval of the attorney general. We note that no hospital service district is referred to in either Subsection B or C.
As can be seen from R.S. 42:263, the Board of Commissioners of Hospital Service District No. 1 of the Parish of Assumption can retain special counsel to handle particular legal matters, provided the Board obtains this office's approval of the retention of counsel and the compensation to be paid. Furthermore, there must be a showing of necessity for the retention of special counsel, which necessarily requires that the resolution sufficiently describe the services to be performed by counsel.
It is the policy of this office to only approve hourly fees for special counsel services, except in those instances in which a reasonable contingency fee is indicated (for example, collection matters), or a particular statutory provision provides for an alternative form of payment, and except in the case of bond counsel selected to provide services in connection with the issuance of bonds or other evidences of indebtedness. For your convenience, a copy of our Maximum Hourly Fee Schedule is attached hereto.
Since the resolution enclosed with your letter authorizes the retention of special counsel, we must advise that the resolution is not in a form which can be approved by this office. The resolution refers only to services to be performed "with regards to professional contracts". In order to assess the "necessity" for services of special counsel, we must ask that you submit a resolution which more fully explains the need for the services of special counsel and the services to be performed. Additionally, the resolution must specify the compensation to be paid to special counsel. Of course, if the Board of Commissioners will submit a resolution which complies with our policies and the statutory requirements, we would be willing to approve the special counsel referred to therein.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/249n Enclosures